Dear Frances:
Your request for an Attorney General's opinion has been forwarded to me for research and reply. Your letter reviews the current makeup of the Court of Appeal, First Circuit, District 2 and states that a letter of resignation has been received from Judge Melvin Shortess, effective July 31, 2000. You seek our advice on the interpretation of the Court's August 30, 1991 order in Clarkv. Roemer.
The August 30, 1991 order in Clark v. Roemer states:
 B. As to the Court of Appeal, First Circuit:
 12. The court orders two subdistricts for the Court of Appeal, District 2. The precinct lines of Subdistrict 2 shall be those shown on the plan by Dr. Weber entitled, `First Circuit, Second District Court of Appeals (sic) Defendants' Remedy Proposal August 19, 1991.' The precinct lines for Subdistrict 1 shall be the remainder of District 2.
 13. An election shall be held in Subdistrict 2 for Division E of the Court of Appeal, District 2 in the fall of 1991.
 14. Division E of the court shall be an `ad hoc' or interim judgeship with a term of office to begin January 1, 1992 and to end December 31, 2001.
 15. Elections for Divisions A, B, C and D of the Court of Appeal District 2 shall be as scheduled according to Louisiana law and all such elections shall be held in Subdistrict 1 except as specified in paragraph 17 hereof.
 16. Division E shall remain in effect only until a vacancy occurs in Division A, B, C or D by resignation, retirement or death (not by expiration of term) or upon creation of a new judgeship.
 17. When the first vacancy occurs, the judge serving in Division E shall assume the letter designation of the vacant division and that division shall be assigned to Subdistrict 2 for election purposes. This change in letter designation shall not modify the term of office which shall run until December 31, 2001.
 18. The other divisions shall remain assigned to Subdistrict 1 for election purposes.
 19. There shall be no requirement that a candidate be a resident of the subdistrict; however, the candidate must be a resident of District 2 of the Court of Appeal, First Circuit in accordance with Louisiana law and meet all the other requirements of Louisiana law.
 20. The imposition of the remedy provided for herein shall cure any violation of Section 5 of the Voting Rights Act presently existing in the Court of Appeal, First Circuit.
The resignation of Judge Melvin Shortess in Division D has created the first vacancy in the First Circuit Court of Appeal, District 2 since the August 30, 1991 order in Clark v. Roemer. Therefore, in accordance with the Court's order, it is our opinion that upon the effective date of the vacancy, the judge serving in Division E, Judge John Michael Guidry, is to assume the vacant division [Division D], and Division D is to be assigned to Subdistrict 2 for election purposes. The term of office for Division D is not modified and runs until December 31, 2001. Division E is no longer in effect.
All judges shall be elected at the regular congressional election. LSA-Const. Art. V, Sec. 22(A) (1974). Thus, it is our opinion that the election for the full term of Division D is to be held at the 2000 Congressional Elections [October 7, primary and November 7, general], with qualifying August 16-18, 2000. The election shall be conducted in subdistrict 2. The term of office is to run from January 1, 2002 for ten years. There is no requirement that a candidate be a resident of subdistrict 2; although, the Court's order states that candidates must be a resident of District 2 of the Court of Appeal, First Circuit.
We hope that this opinion clarifies and confirms your interpretation of the Court's order in Clark v. Roemer. If we can be of additional assistance, please advise.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 _______________________ ANGIE ROGERS LAPLACE Assistant Attorney General
RPI/ARL;mb
Cc: Hon. Melvin Shortess Hon. John Michael Guidry Hon. Suzanne H. Terrell